IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:20-CV-03237-MDH |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff Steven Collins' appeal of Defendant Social Security Administration Commissioner's ("Commissioner") denial of his application for disability insurance benefits under the Social Security Act (the "Act"). Plaintiff exhausted his administrative remedies, and the matter is now ripe for judicial review. After careful review of the record, the Court affirms the decision of the Administrative Law Judge ("ALJ").

## BACKGROUND

Steven Collins filed applications for Disability Insurance Benefits and Supplemental Security Income on May 3, 2017 and May 22, 2017, respectively. (Tr. at 188-195). His applications were denied on October 3, 2017. (Tr. at 86-117). Collins filed a Request for Hearing on November 17, 2017. (Tr. at 129-30). A hearing was held on March 11, 2019. (Tr. at 27-68). The ALJ subsequently issued an unfavorable decision on August 9, 2019. (Tr. at 7-26). The ALJ determined that Stevens had not engaged in substantial gainful activity since his alleged onset date of April 6, 2017. (Tr. at 13). The ALJ determined that Collins suffered from severe impairments of obesity,

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d)(1), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. By reason of the last sentence of 42 U.S.C. § 405(g), no further action need be taken.

1

status-post knee replacement, tobacco use disorder, obstructive sleep apnea, degenerative disc disease, major depressive disorder, and anxiety disorder with panic attacks. (Tr. at 13). While the ALJ did not conclude that any of these conditions met or equaled a listed condition. (Tr. at 13-16), he did note some limitations. Specifically, the ALJ found that Collins retained the following RFC:

> to a perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.927(b). The claimant can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently. He can stand for four hours in an eight-hour workday. He can walk for four hours in an eight-hour workday. He can stand for one hour at a time. He can walk for one hour at a time. He can occasionally stop, squat, bend, twist, and turn. He can frequently reach. He can occasionally climb ramps and stairs. He can never climb ladders, ropers, or scaffolds. He can never work at unprotected heights or under hazardous circumstances. He can occasionally be exposed to dust, smoke, and fumes. He cannot stand on vibrating surfaces or use air or vibrating tools. He can occasionally interact with supervisors. He can occasionally interact with coworkers. He cannot interact with the general public. He is limited to performing simple, routine, and repetitive tasks. He is limited to making simple work-related decisions.

(Tr. at 16). The ALJ then relied on vocational expert testimony to find that Collins could perform his past work as a small products assembler (DOT# 706.684-022). (Tr. at 20). The ALJ also relied on vocational expert testimony to find that Collins could perform other work in the national economy as a small products assembler (DOT# 706.684-022), swatch clerk (DOT# 222.587-050), and packing header (DOT# 920.587-010). (Tr. at 21). Because he did not agree with this decision, Collins filed a Request for Review of a Hearing Decision/Order with the Appeals Council on September 4, 2019. (Tr. at 185-97). The Appeals Council denied his request for review on June 8, 2020. (Tr. at 1-6). Collins has exhausted all administrative remedies.

## STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a

preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Incorrect application of a legal standard is grounds reversal, *Ford v. Heckler*, 754 F.2d 792 (8th Cir. 1985), but the Court defers to the ALJ's determinations of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006). Finally, while a deficiency in opinion writing is not enough to merit reversal where it has no practical effect on the outcome, incomplete analyses, inaccuracies, and unresolved conflicts of evidence may be a basis for remand. *Reeder v. Apfel*, 213 F.3d 984, 988 (8th Cir. 2000).

## DISCUSSION

The specific issue in this case is whether substantial evidence supports the ALJ's mental residual functional capacity finding. The Plaintiff argues that the ALJ relied on outdated opinions

3

of a non-examining physician and a consultative physician while discounting evidence that Collins' conditions had worsened since those opinions were issued. Contrary to Plaintiff's arguments, the ALJ properly considered the medical opinions and prior administrative medical finding pertaining to Plaintiff's mental impairments and properly considered Plaintiff's treatment notes and activities of daily living. Plaintiff argues that the ALJ's decision should be remanded because the ALJ failed to consider the alleged worsening in Plaintiff's condition and that Plaintiff's activities of daily living and treatment notes do not support the ALJ's RFC. The ALJ's entire RFC finding, including the portion pertaining to mental limitations, is supported by substantial evidence of record. The ALJ's decision is affirmed.

Notably, the ALJ is not required to base the RFC on a medical opinion. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("the ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians.") (internal citations omitted). Instead, the ALJ must base the RFC on the record as a whole. The ALJ properly considered the prior administrative medical finding by Dr. Toll and the medical opinions by Dr. Forsyth and Dr. Brandt in accordance with the regulations. (Tr. 18-20). *See* 20 C.F.R. §§ 404.1513, 404.1520c, 416.913, and 416.920c. For claims filed on or after March 27, 2017, such as in this case, the regulations specify that the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding, including those from Plaintiff's medical sources. *See* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a).

Pursuant to the regulations, the most important factors the ALJ considers in evaluating the persuasiveness of a medical opinion or prior administrative medical finding are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). Regarding supportability, the more

4

relevant the objective medical evidence and supporting explanations are from the medical source to support his or her medical opinion or prior administrative medical finding, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(1) and 416.920c(c)(1). Regarding consistency, the more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion or prior administrative medical finding will be. *Id.* at §§ 404.1520c(c)(2) and 416.920c(c)(2).

The ALJ properly considered the supportability and consistency of state agency psychological consultant Dr. Toll's prior administrative medical finding. (Tr. 18-19). *See* 20 C.F.R. §§404.1520c and 416.920c. The ALJ found Dr. Toll's prior administrative medical finding partially persuasive because it was only partially consistent with the weight of the record evidence. (Tr. 18-19). On October 2, 2017, after reviewing the record provided to her, Dr. Toll determined that Plaintiff had moderate limitations in: understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace. (Tr. 18, 91-92, 96-98, 106-07, 111-13). Dr. Toll also determined that Plaintiff had mild limitations in adapting or managing oneself. (Tr. 18, 91-92, 97-98, 106-07, 113).

With respect to consistency, the ALJ found Dr. Toll's conclusion that Plaintiff had moderate limitations in interacting with others was consistent with Plaintiff's medical records, treatment history, and activities of daily living. (Tr. 15, 18). However, the ALJ found Dr. Toll's conclusion that Plaintiff had mild limitations in adapting or managing oneself was inconsistent with the weight of the record evidence. (Tr. 15, 18-19). *See id.* at §§ 404.1520c(c)(2) and 416.920c(c)(2). The ALJ determined that Plaintiff had moderate, rather than mild, limitations in adapting and managing oneself. (Tr. 15). Regarding supportability, the ALJ found that Dr. Toll

5

supported her opinions with detailed explanations citing to objective evidence, but she was not able to consider additional evidence that became available after she completed her assessment. (Tr. 19). *See id.* at §§ 404.1520c(c)(1) and 416.920c(c)(1). The ALJ additionally noted Dr. Toll did not have the benefit of examining Plaintiff. (Tr. 19).

The ALJ also properly considered the supportability and consistency of consultative examiner Dr. Forsyth's medical opinion. (Tr. 19.) *See* 20 C.F.R. §§404.1520c and 416.920c. The ALJ found Dr. Forsyth's opinion partially persuasive because it was only partially consistent with the weight of the record evidence. (Tr. 19). After examining Plaintiff on August 16, 2017, Dr. Forsyth determined Plaintiff was able to: understand, remember, and apply complex information and instructions; interact with others but was socially avoidant; and adapt and manage himself and do things that were of interest or motivating to him. (Tr. 19, 467-70). Dr. Forsyth further determined that Plaintiff had no deficiencies in concentration, persistence, or maintaining pace. (Tr. 19, 469).

Regarding consistency, the ALJ found Dr. Forsyth's opinion that Plaintiff could adapt and manage himself was consistent with Plaintiff's medical records, treatment history, and activities of daily living. (Tr. 15, 19). However, the ALJ found Dr. Forsyth's conclusion that Plaintiff had "no deficiencies in concentration, persistence, or maintaining pace from a mental status perspective" was inconsistent with the weight of the record evidence. (Tr. 15, 19, 469). *See id.* at §§ 404.1520c(c)(2) and 416.920c(c)(2). The ALJ determined that Plaintiff had moderate limitations in concentrating, persisting, or maintaining pace, and he included appropriate limitations in the residual functional capacity finding to accommodate these limitations. (Tr. 15). With respect to supportability, the ALJ found that Dr. Forsyth supported his opinion with a detailed report that cited to objective evidence. (Tr. 19). *See id.* at §§ 404.1520c(c)(1) and 416.920c(c)(1).

Finally, the ALJ properly considered the supportability and consistency of consultative examiner Dr. Brandt's medical opinion. (Tr. 19-20). *See* 20 C.F.R. §§404. 1520c and 416.920c. The ALJ found Dr. Brandt's opinion unpersuasive because it was "largely inconsistent" with the weight of the record evidence. (Tr. 19-20). After examining Plaintiff on April 6, 2019, Dr. Brandt determined Plaintiff had marked and extreme limitations in his ability to: understand, remember, and carry out instructions; interact appropriately with others; and respond appropriately to changes in the work setting. (Tr. 19-20, 585-87). Dr. Brandt also concluded that Plaintiff was unable to manage his own funds and "appears": to be unable to understand, remember, and carry out even simple instructions on a consistent basis; unable to concentrate persist, and keep pace on even simple tasks on a consistent basis; to have no intact capacity to interact effectively in work situations; and to have virtually no intact capacity to adapt to changes in even simple work situations. (Tr. 19, 596).

Regarding supportability, the ALJ found Dr. Brandt's opinion was supported with a detailed report citing to objective evidence. (Tr. 19-20). *See id.* at §§ 404.1520c(c)(1) and 416.920c(c)(1). However, with respect to consistency, the ALJ found Dr. Brandt's opinion "largely inconsistent" with the weight of the record and provided an example. (Tr. 19-20). The ALJ found Dr. Brandt's opinion that Plaintiff could not understand, remember, and carry out even simple instructions on a consistent basis was inconsistent with Plaintiff's medical records, treatment history, and activities of daily living. (Tr. 14-15, 20). *See id.* at §§ 404.1520c(c)(2) and 416.920c(c)(2). Moreover, the ALJ found Dr. Brandt's opinion vague in nature because he frequently opined that Plaintiff "appears" unable to perform functions. (Tr. 20, 585-86, 596).

First, Plaintiff argues that the ALJ relied on outdated medical opinions that failed to consider Plaintiff's worsening condition. *See id.* at 4. Plaintiff specifically points to the ALJ's

7

consideration of Dr. Toll's prior administrative medical finding from October 2, 2017, and Dr. Forsyth's medical opinion from August 16, 2017. *See id.* at 5-7. Of importance, Plaintiff alleged the onset date of his disability was April 6, 2017. (Tr. 188, 190). Accordingly, the ALJ appropriately considered the finding of Dr. Toll and the opinion of Dr. Forsyth as both occurred after Plaintiff's alleged onset date and during the period of alleged disability, thus making the finding and opinion relevant evidence. The new regulations require the ALJ to consider the opinions of state agency medical consultants because they are highly qualified and experts in Social Security disability evaluation. *See* 20 C.F.R. § 404.1513a. The ALJ's reasonable reliance on an opinion from a highly qualified expert is within the zone of choice." *Morton v. Saul*, No. 2:19-CV-92 RLW, 2021 WL 307552, at *8 (E.D. Mo. Jan. 29, 2021) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

As detailed above and in the ALJ's decision, the ALJ considered all of the relevant evidence in the record when making the residual functional capacity finding, including evidence that post-dated Dr. Toll's finding and Dr. Forsyth's opinion (e.g., medical records from 2018, Plaintiff's testimony from 2019, and a consultative examination from 2019), and placed appropriate additional limitations in the residual functional capacity finding. (Tr. 14-20).

Plaintiff asserts that the ALJ "failed to explain the specific inconsistencies upon which he relied" in finding Dr. Brandt's opinion inconsistent with the evidence. *See* Pl. Br. at 8. Plaintiff's assertion is not accurate. The ALJ explained that Dr. Brandt's opinion that Plaintiff could not understand, remember, and carry out even simple instructions on a consistent basis was inconsistent with the medical records, treatment history, and activities of daily living. (Tr. 20). In his decision, the ALJ provided numerous examples demonstrating how Dr. Brandt's opinion was inconsistent with the record evidence. (Tr. 14-15). The ALJ noted that: Plaintiff's Montreal

8

Cognitive Assessment scores of twenty-one and seventeen suggested mild to moderate impairment. (Tr. 14, 453-54, 596); Plaintiff exhibited fair memory functions at his August 16, 2017 psychological evaluation. (Tr. 14, 469); Plaintiff was alert and oriented at the majority of his examinations. (Tr. 14, 422, 434, 504, 507, 509, 511, 513-14, 516, 519, 527); Plaintiff exhibited intact cognitive functioning, memory, thought content, insight, and/or judgment at several examinations. (Tr. 14-15, 422, 453, 460, 504, 507, 509, 511, 513-14, 516. 519, 533, 539, 547, 569); and Plaintiff was able to engage in a wide variety of activities of daily living. (Tr. 15, 34, 38, 49, 240-50, 468, 508, 522, 593, 604-05).

Plaintiff argues that the ALJ erred in considering Plaintiff's subjective reports and Plaintiff's treatment notes and activities of daily living. The ALJ properly considered Plaintiff's subjective symptoms in accordance with the regulations. *See* 20 C.F.R. §§ 404.1529 and 416.929. The ALJ found that Plaintiff had severe mental impairments of major depressive disorder and anxiety disorder with panic attacks. (Tr. 13). In evaluating Plaintiff's symptoms, the ALJ appropriately considered the symptoms Plaintiff reported during his testimony and in his function report, to include his reports that: his impairments caused irritability, mood swings, forgetfulness, anxiety, and other symptoms; and his impairments affected his ability to remember, persevere, concentrate, understand, follow instructions, and get along with other people. (Tr. 14-18, 40, 49-50, 240-50).

However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the medical evidence and other evidence in the record. (Tr. 17). *See* 20 C.F.R. §§ 404.1529 and 416.929. As part of his evaluation of Plaintiff's subjective symptoms, the ALJ properly considered Plaintiff's

objective medical evidence and other medical evidence, including consultative examinations, in accordance with the regulations. *See* 20 C.F.R. §§ 404.1513, 416.913, 404.1529, and 416.929.

Regarding Plaintiff's medical records, the ALJ considered that Plaintiff's mental health provider diagnosed him with severe depression on several occasions and that Plaintiff's "PHQ-9" score indicated severe depression. (Tr. 17, 503, 506, 508, 510, 512, 514, 516, 520, 526-27). However, the ALJ found that the allegations were inconsistent with the weight of the record. (Tr. 17). The ALJ appropriately considered that Plaintiff did not report depression, anxiety, and/or panic attacks at numerous examinations. (Tr. 17-18; Tr. 498 (depression and anxiety not present); Tr. 452, 459, 532, 538, 546, 567 (anxiety and panic attacks not present)). *See* 20 C.F.R. §§ 404.1529(c)(3)(ii) and 416.929(c)(3)(ii). In addition, the ALJ appropriately considered that Plaintiff's medical records showed he exhibited appropriate mood and affect at numerous examinations. (Tr. 18, 422, 434, 453, 460, 499, 533, 539, 547, 568) and frequently denied suicidal or homicidal ideations. (Tr. 18, 422, 468, 498, 509, 511, 513-14, 516, 519, 595). *See id.*

The ALJ also appropriately considered Plaintiff's daily activities and found that Plaintiff's statements regarding the severity of his impairments were largely inconsistent with his daily activities. (Tr. 18). *See* 20 C.F.R. §§ 404.1529(c)(3)(i) and 416.929(c)(3)(i). The ALJ found that Plaintiff was able to live with others, help take care of others, manage his personal care, manage his own finances, help perform certain household chores, go outside, ride in a car, drive "if absolutely necessary," watch television, spend time with others, fish, and use social media. (Tr. 18, 34, 38, 49, 240-50, 468, 508, 522, 593, 604-05). Inconsistencies between Plaintiff's subjective complaints and his activities diminish his credibility. *See Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005).

The ALJ also properly considered Plaintiff's treatment notes in accordance with the regulations. *See* 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). Regarding the treatment notes, Plaintiff asserts that the records the ALJ relied on in finding Plaintiff did not report depression, anxiety, and/or panic attacks at several examinations were all records from treatment visits to address Plaintiff's physical conditions. *See* Pl. Br. at 12. In these records, Plaintiff denied depression, anxiety, and/or panic attacks – all bases upon which he filed for benefits – during the period of time for which he seeks benefits, and such denials are relevant to the assessment of the severity of Plaintiff's symptoms. (Tr. 452, 459, 498, 532, 538, 546, 567). *See Chesser v. Berryhill*, 858 F.3d 1161, 1167 (8th Cir. 2017). Furthermore, the ALJ did not dispute that Plaintiff had mental impairments, as these were found to be severe and were accommodated in the residual functional capacity finding.

## CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's mental RFC finding for Plaintiff is supported by substantial evidence in the record. Accordingly, the decision of the ALJ is hereby affirmed.

**IT IS SO ORDERED.**

Dated: August 31, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**